JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 20-02043 PA (SHKx) | Date | October 5, 2020 |
|---|---|---|---|
| Title | Ricardo Osorio v. United Pipe and Steel Corp. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| G. Garcia | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant United Pipe and Steel Corp. ("Defendant").  (Dkt. No. 1 ("Removal").)  Defendant asserts this Court has jurisdiction over the action brought against it by plaintiff Ricardo Osorio ("Plaintiff") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

In an effort to establish the Court's diversity jurisdiction, Defendant's Notice of Removal alleges "Plaintiff is, and was at all times relevant to this action, an individual residing in Los Angeles County, California."  (Removal ¶ 10 (citing Ex. A, Complaint ¶ 2).)  Plaintiff's Complaint alleges Plaintiff "is a male resident of Los Angeles County, State of California."  (Ex. A ¶ 2.)  Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations concerning the citizenship of Plaintiff, based on an allegation of residence, are insufficient to establish Plaintiff's citizenship.  "Absent

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-02043 PA (SHKx) | Date | October 5, 2020 |
|---|---|---|---|
| Title | Ricardo Osorio v. United Pipe and Steel Corp. | | |

unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendant's allegations related to Plaintiff's citizenship are insufficient to invoke this Court's diversity jurisdiction.

For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Riverside County Superior Court, Case No. CIVDS2016239, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.